**Anghel GOLDSTEIN, a/k/a Andrei Pietraru, Iuliu Nasta, a/k/a Julius Nasta and George Fundi, on behalf of themselves and all others similarly situated, Appellants,**

v.

**Joseph A. COX, and Samuel DiFalco, Surrogates of the County of New York, Edward S. Silver, Surrogate of the County of Kings, Christopher C. McGrath, Surrogate of the County of Bronx, John T. Clancy, Surrogate of the County of Queens, Arthur Levitt, State Comptroller, Appellees.**

**No. 47, Docket 31396.**

United States Court of Appeals Second Circuit.

Reconsideration Upon Remand by the Supreme Court of the United States.

Decided March 8, 1968.

John R. Vintilla, Cleveland, Ohio (Emanuel Eschwege, New York City, and Novak N. Marku, Canton, Ohio, on the brief), for appellants.

Daniel M. Cohen, Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen., of the State of New York, New York City, of counsel), for appellees.

Before MOORE, SMITH and KAUFMAN, Circuit Judges.

PER CURIAM:

Appellants, nationals and residents of Rumania, brought this action seeking an injunction restraining five New York surrogates from enforcing section 269–a of the New York Surrogate's Court Act, McKinney's Consol. Laws c. 59a, on the ground that it is unconstitutional as applied to them. Section 269–a provides:

> 1. Where it shall appear that a legatee, distributee or beneficiary of a

trust would not have the benefit or use or control of the money or other property due him, or where other special circumstances make it appear desirable that such payments should be withheld, the decree may direct that such money or other property be paid into the surrogate's court for the benefit of such legatee, distributee, beneficiary of a trust or such person or persons who may thereafter appear to be entitled thereto. Such money or other property so paid into court shall be paid out only by the special order of the surrogate or pursuant to the judgment of a court of competent jurisdiction.

2. In any such proceeding, where it is uncertain that an alien legatee, distributee or beneficiary of a trust, not residing within the United States or its territories, would have the benefit or use or control of the money or other property due him, the burden of proving that such alien legatee, distributee or beneficiary of a trust will receive the benefit or use or control of the money or other property due him shall be upon him or on the person or persons claiming from, through or under him.

The appellants' motion for the convening of a three-judge court under 28 U.S.C. § 2281, and for a preliminary injunction, were denied and they appealed to this court.

On September 27, 1967, this court affirmed in open court the order of the court below. Our decision was vacated by the Supreme Court, 389 U.S. 581, 88 S.Ct. 694, 19 L.Ed.2d 781 (1/15/68), and remanded for further consideration in light of Zschernig v. Miller, 389 U.S. 429, 88 S.Ct. 664, 19 L.Ed.2d 683 (1/15/68), in which the Court interpreted Clark v. Allen, 331 U.S. 503, 67 S.Ct. 1431, 91 L.Ed. 1633 (1947), as being "concerned with the words of a [state] statute on its face, not the manner of its application," and held that the "history and operation" of a similar Oregon statute constituted "an intrusion by the State into

the field of foreign affairs which the Constitution entrusts to the President and the Congress," 88 S.Ct. at 666.

Upon reconsideration, we reverse the order of the district court and remand for consideration of the constitutional issues by a three-judge court pursuant to 28 U.S.C. § 2281.